893 P.2d 1006

**Lawrence TRUJILLO, and Lisa M. Rogers, individually and as Personal Representative of the Estate of Crystal Rogers, Plaintiffs–Appellants,**

v.

**The CITY OF ALBUQUERQUE, Defendant–Appellee.**

**Nos. 18296, 19118.**

Supreme Court of New Mexico.

April 10, 1995.

Duhigg, Cronin & Spring, David Duhigg, Helena Gorochow, Leon Thomas, Albuquerque, for appellant Trujillo.

Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, Joseph Goldberg, Carpenter & Chavez, William H. Carpenter, David J. Stout, Albuquerque, for appellant Rogers.

Butt, Thornton & Baehr, Emily A. Franke, John A. Klecan, Albuquerque, for appellee City of Albuquerque.

Judith A. Olean, Santa Fe, Sive, Paget & Riesel, Steven Barshov, New York City, for amici curiae N.M. Municipal League and N.M. Self Insurers Fund.

Miller, Stratvert, Torgerson & Schlenker, Alice Tomlinson Lorenz, Nancy Augustus, Albuquerque, for amicus curiae N.M. Medical Society.

## ORDER

PER CURIAM.

■ An opinion was filed in this case on September 6, 1994. Chief Justice Montgomery authored the opinion. Justice Franchini concurred. Justice Frost filed a special concurrence, joined by Justice Baca. Justice Ransom dissented. On motion for rehearing filed by the Plaintiffs–Petitioners, we now withdraw that opinion. We nonetheless reaffirm the holding of the four-member majority of this Court that, in considering the constitutionality of NMSA 1978, Section 41–4–19(A)(2) (Repl.Pamp.1989) (the damages limitation on governmental tort liability), the trial court was mistaken in limiting the evidence to facts applicable solely to the City of Albuquerque.

■ The City had the burden of demonstrating that enforcement of the statutory cap is substantially related to an important state interest. *See Richardson v. Carnegie Library Restaurant,* 107 N.M. 688, 695, 763 P.2d 1153, 1160 (1988) (burden under intermediate scrutiny). At trial, the district court considered only the City's treasury when evaluating empirical evidence of the relationship of the cap to the protection of public treasuries, as weighed against the individual interest in full recovery. We thus do not

have comprehensive empirical evidence of the necessary relationship. As to the existence of a statewide relationship, we remain unwilling to rely on "anecdotal or speculative showings of a fit between means and ends," and on "Brandeis briefs." *Trujillo v. City of Albuquerque*, 110 N.M. 621, 630, 632, 798 P.2d 571, 580, 582 (1990).

In the withdrawn opinion, only Chief Justice Montgomery and Justice Franchini were of the belief "that we must decide, based on the facts available to us *now*, aided by the parties' and our own legal research, whether the caps as enacted in 1976 and as potentially applicable to the plaintiffs in 1984 and 1985, were substantially related to an important governmental interest." Justice Frost, in his specially concurring opinion, stated that "in order to properly address the constitutionality of the damage limitation, we would need further development of the factual record regarding the application of the damage cap on the remainder of the state outside Albuquerque." Having been unable to convince a majority that a remand should be ordered, and recognizing that the inadequate record was not the fault of the City, Justices Baca and Frost concurred only in the resulting judgment of the trial court.

On rehearing, a majority of this Court is of the opinion that the City was unable to carry its burden of showing a substantial relationship between the tort cap and the public treasury as an indivisible and statewide whole. Because this failure was due in large part to error in the trial court's exclusion of evidence, we remand for a further evidentiary hearing. The trial court shall consider the relationship of the cap to public treasuries as an indivisible and statewide whole, both at the time the cap was enacted and at the time the causes of action accrued. A majority of this Court remains convinced that it would not serve the interests of justice or the Constitution to limit our holding to this case. Because of the significant work already done, the parties appear best positioned to aid us in our decision.

**IT IS SO ORDERED.**